IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-00722-RBJ

GREGORY P. FRYE,

      Applicant,

v.

TOM CLEMENTS, Executive Director CDOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN SUTHERS,

      Respondents.

---

## ORDER TO DISMISS IN PART AND FOR ANSWER

---

Applicant, Gregory P. Frye, is a prisoner in the custody of the Colorado Department of

Corrections who currently is incarcerated at the Kit Carson Correctional Center in Burlington,

Colorado.  On March 22, 2012, he filed *pro se* an application for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in El Paso

County District Court case numbers 07CR4329 and 07CR4363.  He has paid the $5.00 filing fee.

ECF No. 1 is an example of the convention the Court will use throughout this order to identify

the docket number assigned to a specific paper by the Court's electronic case filing and

management system (CM/ECF).

On April 30, 2012, Magistrate Judge Boyd N. Boland entered an amended order directing

Respondents to file within twenty-one days a pre-answer response limited to addressing the

affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court

remedies under 28 U.S.C. § 2254(b)(1)(A).  On June 22, 2012, after being granted an extension

of time, Respondents filed their pre-answer response (ECF No. 23).  On August 24, 2012, Mr.

Frye filed a reply (ECF No. 28) to the pre-answer response.

The Court must construe liberally Mr. Frye's filings because he is not represented by an

attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See*

*Hall*, 935 F.2d at 1110.  For the reasons stated below, the application will be denied in part.

## I.  Background and State Court Proceedings

Mr. Frye was charged, *inter alia*, with attempted first-degree murder, second-degree

kidnapping, first-degree burglary, second-degree assault with a deadly weapon, felony menacing,

and a habitual criminal sentence enhancer.  ECF No. 23, ex. A (state court register of actions in

No. 07CR4329) at 2-3, and ex. B (state court register of actions in 07CR4363) at 2-4.

Prior to trial, Mr. Frye dismissed his appointed counsel and elected to proceed *pro se*.

ECF No. 23, ex. C (*People v. Frye*, No. 09CA0073 (Colo. Ct. App. Apr. 14, 2011)) at 2.  On the

third day of trial, following a ruling prohibiting him from introducing certain evidence, Mr. Frye

entered into a plea agreement.  *Id.* at 2-3.  Mr. Frye pleaded guilty and was sentenced on August

20, 2008.  ECF No. 23, ex. A at 10-11; ex. B at 11-12.  Under the agreement, he pleaded guilty

to second-degree kidnapping in No. 07CR4329 and second-degree assault with a deadly weapon

in No. 07CR4363, and received a stipulated sentence of, respectively, twelve years and sixteen

years in prison, to be served consecutively.  *Id.*  All other counts were dismissed, as were two

other cases in which Mr. Frye was charged with violating a restraining order and stalking the

victim.  *Id.*, *see also* ECF No. 23, ex. F (petition for writ of certiorari) at 2.

On November 13, 2008, Mr. Frye filed a postconviction motion pursuant to Rule 35(c) of

the Colorado Rules of Criminal Procedure (ECF No. 23, ex. L), which the trial court denied on

November 25, 2008, ECF No. 23, ex. C at 3, and on January 12, 2009, he filed a notice of direct appeal. *Id.* at 5. Mr. Frye's opening appellate brief contained claims properly raised on direct appeal, as well as claims he raised in his Rule 35(c) postconviction motion. *See id.* at 3, 10. Because the notice of appeal was filed outside the time limit for a direct appeal, the Colorado Court of Appeals dismissed the claims directly appealing the conviction. *See id.* at 3, 10. The state appeals court also affirmed the trial court's order denying the Colo. R. Crim. P. 35(c) postconviction motion. *Id.* at 11-14. On August 15, 2011, the Colorado Supreme Court denied certiorari review. ECF No. 23, ex. G.

On September 9, 2011, Mr. Frye filed a second postconviction motion (ECF No. 23, ex. H), which the trial court denied on October 5, 2011. ECF No. 23, ex. B at 7. According to the state court register of actions in Nos. 07CR4329 and 07CR4363, Mr. Frye mailed an advisory copy of a notice of appeal to the trial court that was filed on October 17, 2011. ECF No. 23, ex. A at 6, ex. B. at 7. Colo. R. App. P. 3(a) requires an advisory copy of a notice of appeal to be served on the trial court. Respondents contend the Attorney General's files also contain a notice of appeal and related preliminary documents apparently served on the Attorney General's office. However, Respondents contend that, in preparing their pre-answer response, they contacted the Colorado Court of Appeals and were informed that the appeals court had no record of a notice of appeal or other related documents having been filed in that court.

On March 22, 2012, Mr. Frye filed his § 2254 habeas corpus application with the Court. Respondents concede that the instant action is filed within the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court need not address further the one-year limitation period. Mr. Frye asserts six claims. They are:

1.      A ruling by the trial court "barring any continuances for the defense . . . constructively denied [Applicant] his Right to Effective Assistance of counsel" by depriving him of "adequate time to prepare" for trial.  ECF No. 1 at 6-7.

2.      Applicant's guilty plea was invalid "[p]rimarily because [he] was denied counsel."  *Id.* at 8.  "Alternatively," the plea was invalid in light of the fact that, when he pleaded guilty three days into trial, the prosecution offered a plea agreement that was less favorable than the offer it made prior to Applicant's waiver of preliminary hearing.  *Id.*  "Additionally" Applicant's plea was invalid because his statutory right to speedy trial was violated, he was denied "disclosure of exculpatory elements in discovery," the trial court erroneously disallowed him from presenting certain evidence, and the plea was "obtained through threat of charges not justified by the evidence."  *Id.* at 7-8.

3.      The trial court violated Applicant's right to due process by failing to advise him of his right to appeal following his guilty plea, and that failure resulted in his direct appeal being dismissed.  *Id.* at 8.

4.      The trial court denied Applicant's right to due process by denying his two postconviction motions "contrary to statute and precedent."  *Id.* at 9.

5.      Applicant was denied the effective assistance of counsel in his combined direct/postconviction appeal, because the Colorado Court of Appeals did not appoint an attorney to replace his appointed counsel, who Applicant contends was laboring under a conflict of interest.  *Id.* at 9.

6.      The trial court and the Colorado Court of Appeals failed to rule on, or respond to, "the latest pleadings of . . .  Petitioner filed in connection to his latest attempt to appeal the Trial Court's denial of his 2nd 35(c)."  *Id.* at 9.  "Thus Petitioner deems it necessary to seek relief from the inadequacies of the State's system of redress through the power of the Writ of Habeas Corpus."  *Id.*

## II. Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be

granted unless it appears that the applicant has exhausted state remedies or that no adequate state

remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas applicant "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default."  *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also Harris v. Reed*, 489 U.S. 255, 269-70 (1989));

*Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) ("'Anticipatory procedural bar'
occurs when the federal courts apply procedural bar to an unexhausted claim that would be
procedurally barred under state law if the petitioner returned to state court to exhaust it.")
(citation omitted).   A claim is precluded from federal habeas review if the claim has been
defaulted in state court on an independent and adequate state procedural ground, unless the
prisoner can demonstrate cause for the default and actual prejudice as a result of the federal
violation, or demonstrate that failure to consider the claim will result in a fundamental
miscarriage of justice.  *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224
(10th Cir. 2007) (citation omitted).

      Application of this procedural-default rule in the habeas corpus context is based on
comity and federalism concerns.  *See Coleman*, 501 U.S. at 730.  Mr. Frye's *pro se* status does
not exempt him from the requirement of demonstrating either cause and prejudice or a
fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir.
1994).

      To demonstrate cause for his procedural default, Mr. Frye must show that some objective
factor external to the defense impeded his ability to comply with the relevant procedural rule.
*See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855
(10th Cir. 2003).  "Objective factors that constitute cause include interference by officials that
makes compliance with the State's procedural rule impracticable, and a showing that the factual
or legal basis for a claim was not reasonably available to [applicant]."  *McClesky v. Zant*, 499
U.S. 467, 493-94 (1991) (internal quotation marks omitted).  If Mr. Frye can demonstrate cause,
he also must show "actual prejudice as a result of the alleged violation of federal law."  *Coleman*,
501 U.S. at 750.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Frye first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* He then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Respondents argue that Mr. Frye satisfied the exhaustion requirement only as to part of claim two, contending that the part he failed to exhaust now is procedurally defaulted. They further argue Mr. Flores failed to exhaust the remaining claims one, three, four, five, and six, which they also maintain are procedurally defaulted. The Court will discuss each claim in the order asserted.

## III.  Claims

## Claim One

As his first claim, Mr. Frye asserts that a ruling by the trial court "barring any continuances for the defense . . . constructively denied [Applicant] his Right to Effective Assistance of counsel" by depriving him of "adequate time to prepare" for trial. ECF No. 1 at 6-7.

Respondents argue Mr. Frye never raised this claim in state court. *See* ECF No. 23, exs. D (opening brief), E (reply brief), F, H (second petition for postconviction relief pursuant to

Colo. R. Crim. P. 35(c)), and L.  Although he referred to this argument in the "Summary of Arguments" section of his opening brief to the Colorado Court of Appeals, ECF No. 23, ex. D at 9, ¶ 2, he never actually made the argument in the brief itself.  The Court agrees.

In his opening brief, Mr. Frye made arguments related to the same general area of law as in claim one.  He argued that the trial court should have replaced appointed counsel due to a conflict of interest.  *Id.* at 23.  He also quoted a federal case for the proposition that a criminal defendant should not be forced to choose between proceeding *pro se* and proceeding with incompetent or unprepared counsel.  *Id.* at 25.  However, he did not raise the same argument he makes in claim one.  "[M]ere similarity of claims is insufficient to exhaust."  *Duncan*, 513 U.S. at 366.

Claim one is not exhausted because Mr. Frye did not first raise and exhaust such a claim in state court.  Although Mr. Frye failed to exhaust state-court remedies for claim one, the Court may not dismiss the claim for failure to exhaust state remedies if he no longer has an adequate and effective state remedy available to him.  *See Castille*, 489 U.S. at 351.  No further state-court remedy exists because any future claim would be denied as successive under Colo. R. Crim. P. 35(c)(3) because it could have been presented in an appeal or postconviction proceeding previously brought.  *See* Colo. R. Crim. P. 35(c)(3)(VII).  Therefore, the Court finds that the first claim Mr. Frye failed to exhaust is procedurally defaulted.

Mr. Frye fails to demonstrate either cause or prejudice for his procedural default.  He also fails to demonstrate that a failure to consider the first claim will result in a fundamental miscarriage of justice because he fails to present any new reliable evidence that demonstrates he is actually innocent.  As a result, the unexhausted first claim will be dismissed as procedurally barred.

<u>Claim Two</u>

In his second claim, Mr. Frye argues that his guilty plea was invalid for several reasons. He maintains the guilty plea was invalid "[p]rimarily because [he] was denied counsel."  ECF No. 1 at 8.  "Alternatively," he contends the plea was invalid in light of the fact that, when he pleaded guilty three days into trial, the prosecution offered a plea agreement that was less favorable than the offer it made prior to his waiver of preliminary hearing.  *Id.*  "Additionally," he argues his plea was invalid because his statutory right to speedy trial was violated, he was denied "disclosure of exculpatory elements in discovery," the trial court erroneously disallowed him from presenting certain evidence, and the plea was "obtained through threat of charges not justified by the evidence."  *Id.* at 7-8.

Mr. Frye raised the argument that his guilty plea was invalid in his opening brief to the Colorado Court of Appeals in No. 09CA73.  ECF No. 23, ex. D at 31-34.  Although in his opening brief Mr. Frye touches on portions of these arguments in a cursory manner, ECF No. 23, ex. D at 31, he only argued the substance of one of the  grounds, *i.e.*, that his guilty plea was involuntary because it was coerced by erroneous evidentiary rulings by the trial court, in his postconviction motion.  *Id.* at 33.  The Colorado Court of Appeals addressed this portion of the second claim on the merits.  *See* ECF No. 23, ex. C at 12.  Therefore, Mr. Frye's claim that his guilty plea was involuntary because it was coerced by erroneous evidentiary rulings by the trial court is exhausted.

The state appeals court did not address the remainder of Mr. Frye's arguments that his plea was invalid because those arguments were not raised in the opening brief appealing the denial of his first Colo. R. Crim. P. 35(c) motion.  ECF No. 23, ex. C at 10-11.  This failure

constitutes an independent and adequate state procedural ground on which to deny the

unexhausted claims. *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) ("A state

procedural ground is independent if it relies on state law, rather than federal law, as the basis for

the decision" (internal quotation marks and citation omitted); *see also DePineda v. Price*, 915

P.2d 1278, 1280 (Colo. 1996) ("Issues not raised before the district court in a motion for

postconviction relief will not be considered on appeal of the denial of that motion.").

Furthermore, these additional arguments no longer may be raised because they would be denied

as successive under Colo. R. Crim. P. 35(c)(3) because they could have been presented in an

appeal or postconviction proceeding previously brought. *See* Colo. R. Crim. P. 35(c)(3)(VII).

Mr. Frye's remaining arguments are procedurally barred unless he can meet the cause and

prejudice standard, or make a showing of actual innocence. Mr. Frye does not allege specific

facts in his application or reply to excuse his procedural default. Accordingly, the arguments

concerning the invalidity of his guilty plea – other than the claim that his guilty plea was

involuntary because it was coerced by erroneous evidentiary rulings by the trial court – will be

dismissed as procedurally barred.

## Claims Three and Six

Because a discussion of claim six is related to a discussion of claim three, the Court will

discuss these claims together, first addressing claim three.

## Claim Three

As his third claim, Mr. Frye contends the trial court violated his right to due process by

failing to advise him of his right to appeal following his guilty plea, and that failure resulted in

his direct appeal being dismissed. ECF No. 1 at 8. Respondents maintain the claim is

unexhausted and procedurally barred. For the reasons stated below, the Court agrees.

Mr. Frye raised this claim in his second postconviction motion.  ECF No. 23, ex. H at 5.
The trial court denied the claim as time-barred (ECF No. 23, ex. I) and successive.  ECF No. 23,
ex. K.  As stated earlier in this order, the Colorado Court of Appeals has no record of an appeal
challenging the denial.  Mr. Frye's mailing of a notice of appeal to the trial court and apparently
mailing of the same to the state Attorney General's office is insufficient.  *See* Colo. R. App. P.
3(a) ("An appeal permitted by law from a trial court to the appellate court shall be taken by filing
a notice of appeal with the clerk of the appellate court within the time allowed by C.A.R. 4. . . .
An advisory copy of the notice of appeal shall be served on the clerk of the trial court.").

In his reply, Mr. Frye argues that he raised the third claim before the state appeals court
in a June 4, 2009, response to order to show cause, ECF No. 28 at 7, a copy of which he attaches
to his reply.  *Id.* at 41-42.  However, the show-cause response, which counsel filed in response to
a court order for a detailed explanation as to why the direct appeal was not filed in a timely
manner, does not address the claim Mr. Frye raises here, i.e., that the trial court violated his right
to due process by failing to advise him of his right to appeal following his guilty plea, and that
failure resulted in his direct appeal being dismissed.  In addition, Mr. Frye cites no authority to
support his argument that the explanation presented in the show-cause response to the state
appeals court constitutes fair presentation of his third claim.

In the reply, Mr. Frye also argues that he presented claim three in the reply brief in state
court.  *Id.* at 7.  In the state reply brief, however, he merely disagrees with appellate counsel's
explanation in the show-cause response as "inaccurate and misleading," ECF No. 23, ex. E at 5-
6, but again does not present the claim he raises here.  In any event, the claim Mr. Frye presented
in his reply brief could not have been fairly presented to the Colorado appellate courts because
he attempted to raise the claim for the first time on appeal in a reply brief.  Pursuant to Colorado

appellate procedure, arguments present for the first time in a reply brief will not be considered. *See People v. Czemerynski*, 786 P.2d 1100, 1107 (Colo. 1990); *accord People v. Salinas*, 55 P.3d 268, 270 (Colo. Ct . App .2002) (refusing to consider issue not raised until reply brief); *see also United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) (arguments raised for the first time in a reply brief generally are deemed waived).  Therefore, the federal issue Mr. Frye raised in his reply brief was not fairly presented to the state courts, because Mr. Frye did not present his federal claim in a procedurally proper manner.  *See Baldwin v. Reese*, 541 U.S. 27, 31 (2004) (indicating that issue is not "'fairly present[ed]'" to state court if consideration of the issue "would force state appellate judges to alter their ordinary review practices").

Lastly, Mr. Frye maintains he raised the third claim in his petition for certiorari review. ECF No. 28 at 7.  The claim Mr. Frye presented to the state supreme court challenged both the trial court's failure to advise him of his right to appeal and the state appeals court's decision that he lacked excusable neglect for filing an untimely notice of appeal and failed to show good cause for the untimely filing of his notice of appeal.  ECF No. 23, ex. F at 2, 4-5; *see also* ECF No. 23, ex. C at 3-9.  That claim is similar to the claim he raises here.

However, the claim Mr. Frye raised in his certiorari petition, which he did not raise before the Colorado Court of Appeals, could not have satisfied the direct review requirement stated in *Dever*, 36 F.3d at 1534, and constitute exhaustion of state remedies.  The Supreme Court of Colorado has stated it "will not exercise original jurisdiction when the question may be properly submitted and determined and the rights of the [Applicant] fully protected and enforced, in the lower court."  *Rogers v. Best*, 171 P. 2d 769, 770 (Colo. 1946).

Dismissal of the second postconviction motion as time-barred and successive constitutes an independent and adequate state procedural ground on which to deny the unexhausted claim.

*See Hickman*, 160 F.3d at 1271. Furthermore, this claim no longer may be raised because it would be denied as successive under Colo. R. Crim. P. 35(c)(3) because it could have been presented in an appeal or postconviction proceeding previously brought. *See* Colo. R. Crim. P. 35(c)(3)(VII).

The claim is procedurally barred unless Mr. Frye can meet the cause and prejudice standard, or make a showing of actual innocence. Mr. Frye does not provide specific facts in his application or reply to excuse his procedural default. Accordingly, the third claim will be dismissed as procedurally barred.

Claim Six

As his sixth claim, Mr. Frye maintains the trial court and the Colorado Court of Appeals failed to rule on, or respond to, "the latest pleadings of . . . Petitioner filed in connection to his latest attempt to appeal the Trial Court's denial of his 2nd 35(c)." ECF No. 1 at 9. "Thus Petitioner deems it necessary to seek relief from the inadequacies of the State's system of redress through the power of the Writ of Habeas Corpus." *Id.*

This is not a cognizable habeas corpus claim because there is no federal constitutional right to state postconviction review. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). However, rather than a substantive claim upon which habeas corpus relief may be granted, claim six appears to be Mr. Frye's argument that "circumstances exist that render [the available state corrective] process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Read this way, the claim six allegations apply only to Mr. Frye's third claim, i.e., the trial court violated Applicant's right to due process by failing to advise him of his right to appeal following his guilty plea, and that failure resulted in his direct appeal being dismissed, because claim three is the only claim raised in the instant action also raised in the second postconviction motion. *See*

ECF No. 23, ex. H at 5.  The available state corrective process apparently rendered ineffective is the appeal challenging the trial court's denial of the second postconviction motion, for which, as stated previously, the Colorado Court of Appeals lacks any record.

Mr. Frye's ability to demonstrate circumstances that rendered the available state corrective process ineffective could excuse his failure to present claim three to the state appeals court.  However, he bears the burden of proving he exhausted state court remedies, or that exhaustion would have been futile.  *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011).  He fails to do so.  Instead, as support for claim six, he alleges:

> Petitioner has timely filed the required motions and documents and followed up the lack of response from either court with inquiries to the respective Court Clerks regarding the status of the latest filings. To date all efforts have ended in futility.  Thus Petitioner deems it necessary to seek relief from the inadequacies of the State's system of redress through the power of the Writ of Habeas Corpus.

ECF No. 1 at 9.

Mr. Frye provides no facts to support his contention that the state courts have ignored any requests for redress.  The state trial courts ruled on his second postconviction motion, *see* ECF No. 23, exs. I and K, and the Colorado Court of Appeals has no record of receiving a notice of appeal.  Mr. Frye's vague and conclusory assertions do not provide the kind of specific factual allegations demonstrating that he took reasonable steps to pursue the appeal from the denial of his second postconviction motion.  For example, Mr. Frye fails to allege he attempted to show the state appeals court that he mailed the notice of appeal to the appellate court by providing the relevant prison mail log.  Had he taken such a step and demonstrated the possibility that his notice of appeal was misplaced by the Colorado Court of Appeals, he may have been able to obtain a delayed appeal, because the Colorado appellate rules "confer discretion on the court of appeals to extend jurisdiction over appeals filed outside the forty-five day time limit under

certain circumstances upon a showing of excusable neglect or good cause." *People v. Baker*, 104

P.3d 893, 896 (Colo. 2005).  Instead, Mr. Frye has failed to support his contention that

"circumstances exist that render [the available state corrective] process ineffective to protect the

rights of the applicant," 28 U.S.C. § 2254(b)(1), with anything other than vague allegations.

If, on the other hand, Mr. Frye failed to file the notice of appeal with the Colorado Court

of Appeals, he failed to initiate an appeal consistent with state procedural rules.  *See* Colo. R.

App. P. 3(b).  In that case, he procedurally defaulted the third claim and cannot now raise the

claim.  *See* Colo. R. Crim. P. 35(c)(3)(VII).

Absent any showing by Mr. Frye that he properly filed the notice of appeal and made

some effort to inquire why the appellate court has no record of it, exhaustion should not be

excused.  "The exhaustion requirement is not one to be overlooked lightly." *Hernandez*, 69 F.3d

at 1092.  Mr. Frye's claim six argument fails to demonstrate that he exhausted claim three, and

exhaustion will not be excused based on his bare assertion that the state appeals court did not

respond to him.  *See* ECF No. 1 at 9.

## Claim Four

As his fourth claim, Mr. Frye contends the state trial court denied his right to due process

by denying his two postconviction motions "contrary to statute and precedent."  ECF No. 1 at 9.

To the extent Mr. Frye bases his fourth claim on state statutes and case law, the claim is

not cognizable in habeas corpus.  An argument based upon the denial of postconviction relief

involves only questions of state law and the state's postconviction remedy, not the underlying

judgment.  *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (applicant's challenge to

state postconviction court's allegedly incorrect application of state law not a cognizable federal

habeas corpus claim).  Under the plain language of § 2254(a), habeas corpus actions do not

provide a remedy for errors of state law.  *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (per

curiam) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).  Furthermore, there is no federal

constitutional right to postconviction review in the state courts.  *See Finley*, 481 U.S. at 557.

To the extent Mr. Frye attempts to argue the denial of due process based on the actual

postconviction claims raised here – invalid guilty plea (claim two) and the trial court's failure to

advise of a right to appeal (claim three) – these claims already have been addressed.

Finally, assuming claim four is cognizable and intended to present a legal theory distinct

from Mr. Frye's specific postconviction claims, it is unexhausted.  Mr. Frye has not previously

raised a claim in state court that the trial court's denial of his two postconviction motions

somehow generally violated his right to due process.  *See* ECF No. 23, exs. D, E, F, H, and L.

Although Mr. Frye failed to exhaust state-court remedies for claim four, the Court may not

dismiss the claim for failure to exhaust state remedies if he no longer has an adequate and

effective state remedy available to him.  *See Castille*, 489 U.S. at 351.  No further state-court

remedy exists because any future claim would be denied as successive under Colo. R. Crim. P.

35(c)(3) because it could have been presented in an appeal or postconviction proceeding

previously brought.  *See* Colo. R. Crim. P. 35(c)(3)(VII).

The claim is procedurally barred unless Mr. Frye can meet the cause and prejudice

standard, or make a showing of actual innocence.  Mr. Frye does not provide  facts in his

application or reply to excuse his procedural default.  Therefore, the Court finds that the fourth

claim Mr. Frye failed to exhaust is procedurally defaulted.

<u>Claim Five</u>

In claim five, Mr. Frye contends he was denied the effective assistance of counsel, because the Colorado Court of Appeals did not appoint an attorney to replace his appointed counsel, who Applicant contended was laboring under a conflict of interest.  ECF No. 1 at 9.

In response to this claim, Respondents argue that a claim challenging the effectiveness of postconviction counsel is not cognizable in a § 2254 action, citing § 2254(i).  However, despite how he inartfully words his claim, Mr. Frye is not challenging the effectiveness of postconviction counsel.  Rather, Mr. Frye is challenging what he calls a decision by the state appeals court, actually made by the state trial court, not to replace his appointed counsel after Mr. Frye, complaining of a conflict with his counsel, dismissed his appointed counsel and acted *pro se* at trial.  *See* ECF No. 23, ex. C at 2, 8.  Mr. Frye appears to have raised his fifth claim in the opening brief to his combined direct/postconviction appeal.  *See* ECF No. 23, ex. D at 9, 24-25.  Therefore, the Court finds that the claim is exhausted.

## IV.  <u>Conclusion</u>

For the reasons stated above, the application will be denied in part and drawn in part. Accordingly, it is

ORDERED that the following claims are dismissed as procedurally barred: claims one, three, four, and the claim two arguments concerning the invalidity of Applicant's guilty plea other than the assertion that his guilty plea was involuntary because it was coerced by erroneous evidentiary rulings by the trial court.  It is

FURTHER ORDERED that claim six is dismissed as not a cognizable habeas corpus claim and an insufficient argument to excuse exhaustion of Applicant's third claim.  It is

FURTHER ORDERED that **within thirty (30) days of the filing of the state court record** Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the following exhausted claims: the portion of claim two asserting that Applicant's guilty plea was involuntary because it was coerced by erroneous evidentiary rulings by the trial court, and claim five.  It is

FURTHER ORDERED that **within thirty (30) days** of the filing of the answer Applicant may file a reply, if he desires.

DATED this 3rd day of January, 2013.

BY THE COURT:

R. BROOKE JACKSON
United States District Judge