IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-00722-RBJ

GREGORY P. FRYE,

    Applicant,

v.

TOM CLEMENTS, Executive Director, CDOC and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

---

ORDER DENYING 28 U.S.C. § 2254 APPLICATION

---

Applicant, Gregory P. Frye, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. On March 22, 2012, he filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in El Paso County District Court case numbers 07CR4329 and 07CR4363. He has paid the $5.00 filing fee.

### I. Federal Habeas Corpus Proceedings

On April 30, 2012, Magistrate Judge Boyd N. Boland entered an amended order directing Respondents to file within twenty-one days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 22, 2012, after being granted an extension

of time, Respondents filed their pre-answer response (ECF No. 23).  On August 24, 2012, Mr. Frye filed a reply (ECF No. 28) to the pre-answer response.

On January 3, 2013, the Court entered an order for the state court record (ECF No. 32) and an order of partial dismissal and for an answer (ECF No. 34).  The January 3 partial dismissal order dismissed as procedurally barred claims one, three, four, and the claim two arguments concerning the invalidity of Mr. Frye's guilty plea other than the assertion that his guilty plea was involuntary because it was coerced by erroneous evidentiary rulings by the trial court.  The January 3 order also dismissed claim six as not cognizable in a habeas corpus action.  Finally, the January 3 order directed Respondents, within thirty days of the filing of the state court record, to file an answer that fully addressed the merits of the following exhausted claims: the portion of claim two asserting that Applicant's guilty plea was involuntary because it was coerced by erroneous evidentiary rulings by the trial court, and claim five.  The order allowed Mr. Frye thirty days from the filing of the answer to file a reply, if he desired.

On January 22, 2013, the state court record (ECF No. 40) was filed.  On February 26, 2013, after being granted an extension of time, Respondents filed their answer (ECF No. 45).  On April 3, 2013, Mr. Frye submitted his reply (ECF No. 48).

The Court must construe liberally Mr. Frye's filings because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the application will be denied.

## II.  State Court Proceedings

Mr. Frye was charged, *inter alia*, with attempted first-degree murder, second-degree kidnapping, first-degree burglary, second-degree assault with a deadly weapon, felony menacing,

and a habitual criminal sentence enhancer. ECF No. 23, ex. A (state court register of actions in No. 07CR4329) at 2-3, and ex. B (state court register of actions in 07CR4363) at 2-4.

Prior to trial, Mr. Frye dismissed his appointed counsel and elected to proceed *pro se*. ECF No. 23, ex. C (*People v. Frye*, No. 09CA0073 (Colo. Ct. App. Apr. 14, 2011)) at 2. On the third day of trial, following a ruling prohibiting him from introducing certain evidence, Mr. Frye entered into a plea agreement. *Id.* at 2-3. Mr. Frye pleaded guilty and was sentenced on August 20, 2008. ECF No. 23, ex. A at 10-11; ex. B at 11-12. Under the agreement, he pleaded guilty to second-degree kidnapping in No. 07CR4329 and second-degree assault with a deadly weapon in No. 07CR4363, and received a stipulated sentence of, respectively, twelve years and sixteen years in prison, to be served consecutively. *Id.* All other counts were dismissed, as were two other cases in which Mr. Frye was charged with violating a restraining order and stalking the victim. *Id.*, *see also* ECF No. 23, ex. F (petition for writ of certiorari) at 2.

On November 13, 2008, Mr. Frye filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure (ECF No. 23, ex. L), which the trial court denied on November 25, 2008, ECF No. 23, ex. C at 3, and on January 12, 2009, he filed a notice of direct appeal. *Id.* at 5. Mr. Frye's opening appellate brief contained claims properly raised on direct appeal, as well as claims he raised in his Rule 35(c) postconviction motion. *See id.* at 3, 10. Because the notice of appeal was filed outside the time limit for a direct appeal, the Colorado Court of Appeals dismissed the claims directly appealing the conviction. *See id.* at 3, 10. The state appeals court also affirmed the trial court's order denying the Colo. R. Crim. P. 35(c) postconviction motion. *Id.* at 11-14. On August 15, 2011, the Colorado Supreme Court denied certiorari review. ECF No. 23, ex. G.

On September 9, 2011, Mr. Frye filed a second postconviction motion (ECF No. 23, ex. H), which the trial court denied on October 5, 2011. ECF No. 23, ex. B at 7. According to the state court register of actions in Nos. 07CR4329 and 07CR4363, Mr. Frye mailed an advisory copy of a notice of appeal to the trial court that was filed on October 17, 2011. ECF No. 23, ex. A at 6, ex. B. at 7. Colo. R. App. P. 3(a) requires an advisory copy of a notice of appeal to be served on the trial court. Respondents contend the Attorney General's files also contain a notice of appeal and related preliminary documents apparently served on the Attorney General's office. However, Respondents contend that, in preparing their pre-answer response, they contacted the Colorado Court of Appeals and were informed that the appeals court had no record of a notice of appeal or other related documents having been filed in that court.

### III.  Review of Claim Five as Procedurally Barred

Before addressing the merits of the remaining claims, the Court will address Respondents contention that in the partial dismissal order, the Court interpreted claim five in a manner different than the manner in which Respondents interpreted the same claim in their pre-answer response. They argue that, because they previously lacked the opportunity to address the exhaustion or default of claim five as construed by the Court, they should be permitted to do so now. First, the Court will address Respondents' interpretation of claim five.

In the application, Mr. Frye states claim five as follows:

> Colorado Court of Appeals denied Petitioner's Right to Counsel by refusing to rule on Petitioner's motion to replace Appellate Counsel appointed by the Court for conflict of interest, instead ordering this Petitioner to either proceed with counsel or to have counsel withdraw and proceed pro se.

ECF No. 1 at 9.

Respondents interpreted this claim as an argument that Applicant "was denied the effective assistance of counsel in his combined direct/postconviction appeal, because the state appellate court did not grant his request for a new attorney. . . . Applicant argues that his appointed attorney had a conflict of interest." ECF No. 23 at 23.

In the partial dismissal order, the Court found that:

> In claim five, Mr. Frye contends he was denied the effective assistance of counsel, because the Colorado Court of Appeals did not appoint an attorney to replace his appointed counsel, who Applicant contended was laboring under a conflict of interest. ECF No. 1 at 9.
>
> In response to this claim, Respondents argue that a claim challenging the effectiveness of postconviction counsel is not cognizable in a § 2254 action, citing § 2254(i). However, despite how he inartfully words his claim, Mr. Frye is not challenging the effectiveness of postconviction counsel. Rather, Mr. Frye is challenging what he calls a decision by the state appeals court, actually made by the state trial court, not to replace his appointed counsel after Mr. Frye, complaining of a conflict with his counsel, dismissed his appointed counsel and acted *pro se* at trial. *See* ECF No. 23, ex. C at 2, 8. Mr. Frye appears to have raised his fifth claim in the opening brief to his combined direct/postconviction appeal. *See* ECF No. 23, ex. D at 9, 24-25. Therefore, the Court finds that the claim is exhausted.

ECF No. 34 at 17.

Respondents contend both the Court's and their own constructions of Mr. Frye's fifth claim are reasonable, and reassert in the answer their procedural default argument raised in the pre-answer response as to their interpretation of claim five but not addressed by the Court, which addressed only its own interpretation of the fifth claim.

Respondents argue Mr. Frye failed to raise in either of his postconviction motions their construction of claim five, i.e., that he was denied the effective assistance of counsel in his combined direct/postconviction appeal, because the state appellate court did not grant his request

for a new attorney to replace his appointed attorney, whom he contended had a conflict of interest. *See* ECF No. 23 at 23, ex. H at 5-6, ex. L at 5-6. Respondents also contend claim five was not mentioned in the opening brief or reply brief filed in Mr. Frye's combined direct/postconviction appeal. *See* ECF No. 23, ex. D at 9, ex. E at 4. Respondents maintain the argument appears to have been mentioned only in a one-sentence statement within the "Issues Presented for Review" Mr. Frye listed in his petition for certiorari following the state appellate court's decision affirming the denial of his first postconviction motion, *see* ECF No. 23, ex. F at 2, ¶ 4, and not otherwise discussed in the certiorari petition itself. ECF No. 23, ex. F at 3-8.

In any event, an argument may not be presented for the first time in a certiorari petition appealing a lower-court ruling. The requirement of exhaustion of state remedies in federal habeas cases dictates that a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Presenting a claim to the state's highest court for the first and only time in a procedural context in which its merits are not considered does not constitute fair presentation. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (first-time presentation of claim utilizing state procedure that is discretionary and limited in scope does not constitute fair presentation).

As a result, claim five, as construed by Respondents, is not exhausted. Although Mr. Frye failed to exhaust state-court remedies for claim five, as construed by Respondents, the Court may not dismiss the claim for failure to exhaust state remedies if he no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. No further state-court remedy exists because any future claim would be denied as successive under Colo. R.

Crim. P. 35(c)(3) because it could have been presented in an appeal or postconviction proceeding previously brought. *See* Colo. R. Crim. P. 35(c)(3)(VII). Therefore, the Court finds that the fifth claim, as construed by Respondents, that Mr. Frye failed to exhaust is procedurally defaulted.

Mr. Frye fails to demonstrate either cause or prejudice for his procedural default. He also fails to demonstrate that a failure to consider claim five, as construed by Respondents, will result in a fundamental miscarriage of justice because he fails to present any new reliable evidence that demonstrates he is actually innocent. As a result, the unexhausted fifth claim, as construed by Respondents, will be dismissed as procedurally barred.

Next, the Court will address its own interpretation of claim five.

As previously stated, in the partial dismissal order, the Court found that:

> In claim five, Mr. Frye contends he was denied the effective assistance of counsel, because the Colorado Court of Appeals did not appoint an attorney to replace his appointed counsel, who Applicant contended was laboring under a conflict of interest. ECF No. 1 at 9.
>
> In response to this claim, Respondents argue that a claim challenging the effectiveness of postconviction counsel is not cognizable in a § 2254 action, citing § 2254(i). However, despite how he inartfully words his claim, Mr. Frye is not challenging the effectiveness of postconviction counsel. Rather, Mr. Frye is challenging what he calls a decision by the state appeals court, actually made by the state trial court, not to replace his appointed counsel after Mr. Frye, complaining of a conflict with his counsel, dismissed his appointed counsel and acted *pro se* at trial. *See* ECF No. 23, ex. C at 2, 8. Mr. Frye appears to have raised his fifth claim in the opening brief to his combined direct/postconviction appeal. *See* ECF No. 23, ex. D at 9, 24-25. Therefore, the Court finds that the claim is exhausted.

ECF No. 34 at 17.

Respondents agree that the fifth claim, as construed by the Court, technically is exhausted, but argue it is procedurally defaulted because the Colorado Court of Appeals

7

dismissed the claim on direct appeal as untimely. *See* ECF No. 23, ex. C at 3, 10. They point out that the Colorado Court of Appeals only addressed on postconviction review the claims not dismissed as untimely on direct appeal. *See* ECF No. 23, ex. C at 11. Mr. Frye's fifth claim, as construed by the Court, was not included among those claims addressed on postconviction review.

However, whether or not the Colorado Court of Appeals addressed a claim on postconviction review does not determine whether or not a claim is exhausted on postconviction review, which instead is determined by whether or not the claim is fairly presented to the state appeals court. *See Castille*, 489 U.S. at 351. More importantly, Mr. Frye's claim five, as construed by the Court, is a claim that could or should have been raised on direct appeal. *See United States v. Lott*, 310 F.3d 1231, 1252 (10th Cir. 2002)) (a defendant's ability to raise the issue of a right to substitute counsel on direct appeal would effectively be eliminated if the state court were to analyze motions to substitute counsel as ineffectiveness claims, "which must almost always be brought on collateral attack," thus effectively eliminating a defendant's ability to raise the issue of a right to substitute counsel on direct appeal); *see also People v. Kelling*, 151 P.3d 650, 653-55 (Colo. Ct. App. 2006) (same, citing *Lott*).

Although exhausted, claim five, as construed by the Court, is procedurally barred because the Colorado Court of Appeals dismissed the claim on direct appeal as untimely. A claim is precluded from federal habeas review if the claim has been defaulted in state court on an independent and adequate state procedural ground, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*,

501 U.S. 722, 750 (1991); *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).

A dismissal as untimely constitutes an independent and adequate state ground upon which the state appeals court refused to address the merits of claim five. Mr. Frye would have been allowed forty-five days in which to appeal from his August 20, 2008, sentencing. *See* Colo. App. R. 4(b)(1) (2011) (subsequently amended and adopted December 14, 2011, effective July 1, 2012, to allow forty-nine days for appeal). He did not file his notice of appeal until January 12, 2009.

Mr. Frye fails to demonstrate either cause or prejudice for his procedural default. He also fails to demonstrate that a failure to consider claim five, as construed by the Court, will result in a fundamental miscarriage of justice because he fails to present any new reliable evidence that demonstrates he is actually innocent. As a result, the exhausted fifth claim, as construed by the Court, will be dismissed as procedurally barred.

### IV.  Analysis

#### A.  Standard of Review on the Merits

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Mr. Frye bears the burden of proof under § 2254(d).  *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam).

A claim may be adjudicated on the merits in state court even in the absence of a statement of reasons by the state court for rejecting the claim.  *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011).  In particular, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."  *Id*. at 784.  Thus, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  *Id*. at 784-85.  Even "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."  *Id*. at 784.  In other words, the Court "owe[s] deference to the state court's *result*, even if its reasoning is not expressly stated."  *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999).  Therefore, the Court "must uphold the state court's summary decision unless [the Court's] independent review of the record and pertinent federal law persuades [the Court] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented."  *Id*. at 1178.  "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims."  *Id*.

Although *Richter* concerned a state-court order that did not address any of the defendant's claims, its presumption is applicable when a state-court opinion addresses some but not all of those claims. *Johnson v. Williams*, 133 S. Ct. 1088, 1094-98 (2013). For purposes of § 2254(d), when a state court rules against a defendant in an opinion that rejects some of the defendant's claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Id.* at 1094-96. Federal habeas courts should not assume that any unaddressed federal claim simply was overlooked because a state court does not uniformly discuss separately every claim referenced by a defendant. *Id.*

The Court reviews claims of legal error and mixed questions of law and fact pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question the Court must answer under § 2254(d)(1) is whether Mr. Frye seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id*. at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See id*. at 1018.

If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id*. at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id*. at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. Furthermore,

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case

> determinations. [I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.

*Richter*, 131 S. Ct. at 786 (citation and internal quotation marks omitted). In conducting this analysis, the Court "must determine what arguments or theories supported or . . . could have supported[] the state court's decision" and then "ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

Under this standard, "only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Maynard*, 468 F.3d at 671; *see also Richter*, 131 S. Ct. at 786 (stating that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable").

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 131 S. Ct. 786-87.

The Court reviews claims asserting factual errors pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows the Court to grant a writ of habeas corpus only if the relevant state court decision was based on an unreasonable determination of the facts in light of the evidence presented to the state court. Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Mr. Frye bears the burden of rebutting the presumption by clear and convincing

evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

If a claim was not adjudicated on the merits in state court, and if the claim also is not procedurally barred, the Court must review the claim *de novo* and the deferential standards of § 2254(d) do not apply. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

### B. Claims

The Court now will address the merits of Mr. Frye's remaining exhausted claim. Retaining the numbering in the application, the remaining claim is:

> 2. Applicant's guilty plea was invalid because it was coerced by erroneous evidentiary rulings by the trial court. ECF No. 1 at 7, ¶¶ 3, 5.

### Claim Two

As his second claim, Mr. Frye alleged his guilty plea was invalid because it was coerced by erroneous evidentiary rulings by the trial court. ECF No. 1 at 7, ¶¶ 3, 5; *see also* ECF No. 34 at 9, 17. Guilty pleas are valid if made voluntarily and intelligently. *Brady v. United States*, 397 U.S. 742, 747 (1970). The privilege against self-incrimination imposes minimum requirement that a plea of guilty be a voluntary expression of a defendant's own choice. *Id.* at 748. A guilty plea is a defendant's consent that judgment of conviction may be entered without a trial, a waiver of his right to trial before a judge or judge, and "not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Id.* However, the Supreme Court in *Brady* declined to hold that "a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of

14

possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." *Id.* at 751.

The Colorado Court of Appeals considered and rejected on the merits Mr. Frye's claim of an invalid guilty plea. ECF No. 23, ex. C at 12; *see also* ECF No. 34 at 9.

The state court explained its reasoning as follows:

> [D]efendant contends that his guilty plea was involuntary because, given the court's evidentiary rulings, he feared a guilty verdict and believed that he would face a harsher penalty if he did not accept a plea bargain. However, a guilty plea is not rendered invalid merely because it is
>
> > motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged.
>
> *Brady v. United States*, 397 U.S. 742, 751 (1970).
>
> Here, the trial court found that Mr. Frye asked to stop the trial and plead guilty after the prosecution had presented substantial evidence of his guilt, and that his fear of receiving a harsher sentence if he did not plead guilty was well founded. The record supports these findings, as well as the trial court's conclusion that defendant's guilty plea was not made under undue pressure or duress.

ECF No. 23, ex. C at 12-13.

Before accepting Mr. Frye's plea of guilty, the state trial court questioned Mr. Frye extensively about the particulars of the proposed plea agreement to make sure he understood the agreement itself, was making an informed decision and not entering into the agreement against his will, was competent to enter a plea, understood he would be waiving his right to trial and appeal, understood the elements of the charges and the possible penalties he faced, and had the opportunity to pose any questions he may have. *See* ECF No. 40 (R. at 61-78, Aug. 20, 2008).

The court specifically found that he had made an "intelligent informed decision" and "knowingly, voluntarily, intelligently" waived his rights and entered into the plea. See ECF No. 40 (R. at 78, Aug. 20, 2008).

Based on the Court's review of the record, the Court does not find that the Colorado Court of Appeals' decision was contrary to, or an unreasonable application of, Supreme Court precedent, nor does the Court conclude that the decision by the state appeals court was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d).

## V. Conclusion

For the reasons stated above, the application will be denied.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Frye files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action is dismissed with prejudice. It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED this 13th day of August, 2013.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge